IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISON

| | | |
|---|---|---|
| LUPE RUSHING, § | | |
|     *Plaintiff*, § | | CIVIL ACTION NO.: |
| § | | 3:21-cv-307 |
| v. § | | |
| § | | |
| CITY OF JAMAICA BEACH, TEXAS § | | JURY DEMANDED |
|     *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Lupe Rushing (hereinafter "Plaintiff") in the above-referenced matter , complaining of and about Defendant City of Jamaica Beach, Texas (hereinafter "Defendant"), and for causes of action files this Plaintiff's Original Complaint, showing to the Court the following:

### I.    PARTIES

1. Plaintiff is an individual residing in Galveston County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant is a Texas municipal corporation and a public entity, which is defined as any state or local government or any department or agency of a state or local government. Defendant's principal place of business is located at 16628 San Luis Pass, Jamaica Beach, Texas 77554. Defendant can be served at 5264 Jamaica Beach, Jamaica Beach, Texas 77554.

### II.    JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended), which is

codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), (hereinafter "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

4. Venue is proper in the Southern District of Texas - Galveston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

### III.    NATURE OF THE ACTION

5. This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful racial discrimination, sex/gender discrimination, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On July 22, 2021, Plaintiff filed a dual Charge of Discrimination (Charge No. 460-2021-04250) with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") and the Texas Workforce Commission (hereinafter "TWC") against Defendant for race discrimination, sex/gender discrimination, and retaliation.

7. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue on August 2, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notice. Therefore, this lawsuit is timely filed.

### V.    FACTS

8. Defendant hired Plaintiff as City Secretary on October 5, 2009.

9. Plaintiff's responsibilities included the handling and budgeting of public funds. Plaintiff would regularly have to create budget reports and submit monthly reports to Sean Hutchinson (hereinafter "Mr. Hutchinson"), City Administrator.

10. Plaintiff worked alongside several members, including but not limited to, Mr. Hutchinson, Brad Heiman (hereinafter "Mr. Heiman"), Police Chief, Steve Spicer (hereinafter "Mr. Spicer"), Mayor, Clay Morris (hereinafter "Mr. Morris"), City Council member, and Russell Rupertus (hereinafter "Mr. Rupertus"), City Counsil member.

11. On or around July 2018, Mr. Heiman applied for the City Administrator position. Plaintiff immediately voted against him. Plaintiff felt that Mr. Heiman was not qualified enough for the position and did not work with diligence and therefore was not worthy of the position.

12. Soon after the voting, Mr. Heiman discovered Plaintiff had voted against him and began to retaliate against Plaintiff. Mr. Heiman would conduct meetings purposely without Plaintiff and try to get votes in favor of having Plaintiff's position terminated. Mr. Heiman began to complain to staff members that worked under Plaintiff's supervision. Mr. Heiman would belittle Plaintiff's work ethic and stated that Plaintiff was overstepping her boundaries. Because of Mr. Heiman's influence, other employees started to berate and treat Plaintiff in an aggressive and vulgar manner. This created a hostile work environment and cause Plaintiff mental anguish.

13. On or around December 2019, Plaintiff discovered that Mr. Heiman was employed by another employer and was working for the other employer during the hours he was supposed to be working for Defendant. Plaintiff also discovered that Mr. Heiman had purchased property outside of his region and per his job description he was required to live within the city limits, which he did not. Plaintiff reported all her findings to the City Administrator, Mr. Hutchinson.

14. On or around March 2020, the City of Jamaica Beach, Texas was allocated CARES ACT funding. Guidelines for this funding required grants to be disbursed only to personnel who came into direct public contact and funding was determined by city population. Since the City of

Jamaica Beach, Texas had a small population of about one thousand (1,000) residents, the funds that were allocated were relatively limited.

15. On or around July 2020, Plaintiff discovered Mr. Heiman was initiating to utilize the CARES ACT funding illegally. Mr. Heiman anticipated to disburse the funds and pay patrolling police personnel time and a half, regardless of whether they made contact with the public or not. Mr. Heiman also paid himself time and a half, although he had never had any direct contact with the public. This went against the City Council's rules of the use of the funds and potentially violated state and/or federal law.

16. On August 5, 2020, during a staff meeting, Plaintiff brought up the report of Mr. Heiman's continued misuse of the CARES ACT funding. Plaintiff displayed the budget and showcased that Mr. Heiman was using the funds to pay for fuel and to overpay the police officers (as described above). Plaintiff's complaint was disregarded by the attending City Council members. Plaintiff was then verbally attacked by the attending City Council members. Plaintiff was instructed to disregard the illegal use of public funds by Mr. Heiman and told that this was not her responsibility. However, this was incorrect. Plaintiff's responsibilities included overlooking all of the city's finances.

17. On September 28, 2020, during another meeting, City Council was to conduct an evaluation regarding Plaintiff's work performance. During this meeting, Mr. Morris and Mr. Rupertus began attacking her and that her budget reports were false and misleading. City Counsil members began badgering Plaintiff. Mr. Morris then instructed for members to vote to terminate me. The majority of the members voted in favor, wrongfully terminating Plaintiff immediately.

## VI.    CAUSES OF ACTION

### CLAIM 1 - RACE DISCRIMINATION PURSUANT TO TITLE VII

18. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

19. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of race.

20. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect status because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## CLAIM 2 - SEX/GENDER DISCRIMINATION PURSUANT TO TITLE VII

21. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

22. Plaintiff is a female, which, in the situation described above and for the purposes of Title VII, make Plaintiff a member of a protected class.

23. Plaintiff was clearly qualified for the City Secretary position for the City of Jamaica Beach, Texas, which the absence of any disciplinary or similar record will show.

24. Plaintiff was treated differently from other employees for the City of Jamaica Beach, Texas because of Plaintiff's sex/gender.

25. Defendant discriminated against Plaintiff on the basis of her sex/gender by taking an adverse employment action against Plaintiff, which action was never taken against similarly situated non-members of Plaintiff's protected class.

## CLAIM 3 - RETALIATION PURSUANT TO TITLE VII

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

27. Defendant intentionally retaliated against Plaintiff because of the complaints of racial discrimination, sex/gender discrimination, and retaliation made to Defendant in violation of Title VII.

## VII.   JURY DEMAND

28. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

   b. Compensatory damages, including but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Costs of Court; and

      i.      Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,

**kennard law P.C.**

_____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Eddie Robert Hodges, Jr.
Texas Bar No.: 24116523
Southern District No.: 3479748
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

**ATTORNEYS FOR PLAINTIFF**